873 F.2d 1439
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jawan McGEE; Randolph King; Constance McGee, for
themselves and as parents and next friends of
Jawan McGee, an infant, Plaintiffs-Appellants,
v.
Donald D. POMERLEAU, Police Commissioner; Mayor and City
Council of Baltimore, a Municipal Corporation,
Defendants-Appellees,
and
Detective Stephen McCown, Defendant.
 No. 88-2837.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 8, 1989.
Decided: April 10, 1989.
 
 John Amato, IV (John T. Enoch, Goodman, Meagher & Enoch, on brief), for appellants.
 Millard S. Rubenstein, Assistant City Solicitor (Neal M. Janey, City Solicitor, Ambrose T. Hartman, Deputy City Solicitor, on brief), for appellees.
 Before JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 JaWan McGee appeals from the district court's entry of summary judgment in favor of the defendants, Baltimore police commissioner Donald D. Pomerleau and the mayor and city council of Baltimore in this action brought pursuant to 42 U.S.C. Sec. 1983. We affirm the judgment of the district court.
 
 
 2
 McGee was seriously and permanently injured when he was unjustifiably shot by an off-duty Baltimore police officer in 1980. McGee obtained a large, apparently uncollectible judgment against the officer. He seeks to hold the city of Baltimore liable on a theory of deficient training and a custom or policy of condoning excessive use of force by the police. When this case previously was before us, we remanded so McGee could conduct sufficient discovery to determine whether he could maintain an action against Baltimore officials under Monell v. Department of Social Services, 436 U.S. 658 (1978), and Spell v. McDaniel, 824 F.2d 1380 (4th Cir.1987). See King v. McCown, No. 84-1490 (4th Cir. Oct. 1, 1987) (unpublished).
 
 
 3
 On remand, the district court carefully considered the facts before it and McGee's forecast of evidence to be adduced at trial. The court properly concluded that there was no genuine issue of material fact. It correctly held that McGee would not be able to show that Baltimore was grossly negligent in training its police or that Baltimore had a custom or policy of condoning unconstitutional police practices, as he would be required to prove under Spell. Acting within its discretion, the district court dismissed McGee's pendent state-law claims. King v. Pomerleau, Civ. No. H-80-800 (D.Md. Apr. 26, 1988).
 
 
 4
 While this appeal was pending, the Supreme Court decided City of Canton v. Harris, 57 U.S.L.W. 4270 (U.S. Feb. 28, 1989). The Court held that "the inadequacy of police training may serve as the basis for Sec. 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." 57 U.S.L.W. at 4273. Inasmuch as McGee was unable to show that Baltimore was grossly negligent in training its police, his evidence is insufficient to satisfy the stricter standard of deliberate indifference that the Supreme Court explained in City of Canton.
 
 
 5
 The judgment of the district court is affirmed.